UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC CROCKER and LISA ELWESS, as Guardian Ad Litem of JOHN DOE; ERIC CROCKER, individually, and LISA ELWESS, individually,<br><br>    Plaintiffs,<br><br>v.<br><br>SKY VIEW CHRISTIAN ACADEMY; SKY VIEW ACADEMY, LLC; ORAVAL HAGERMAN; ABC CORPORATIONS I-X, inclusive; BLACK AND WHITE COMPANIES; and DOES I THROUGH XX,<br><br>    Defendants. | 3:08-CV-00479-LRH-VPC<br><br>ORDER |

Presently before the court is Plaintiffs Eric Crocker and Lisa Elwess's, individually and as guardian ad litem of John Doe, (collectively, "Plaintiffs") Motion to Remand (#3[1]). Defendants Sky View Christian Academy, et al., (collectively, "Defendants") have filed an opposition (#7), to which Plaintiffs replied (#9).

///

///

---

[1] Refers to the court's docket number.

### I. Facts and Procedural History

This is a diversity action arising out of alleged abuse of Plaintiffs' minor son while enrolled at Defendants' facility. On September 5, 2008, Defendants filed a notice of removal of their case from the Second Judicial District Court of the State of Nevada (#1). Plaintiffs now move this court to remand the case under 28 U.S.C. § 1447(c) for failure to meet the jurisdictional amount in controversy requirement.

### II. Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a). Among other reasons, the district courts of the United States have "original jurisdiction" where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a).

"If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus*, 980 F.2d at 566.

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This preponderance-of-the-evidence analysis encompasses whether it is "'facially apparent' from the complaint that the jurisdictional amount is in

2

controversy." *See Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997) (delineating the "appropriate procedure for determining the amount in controversy on removal" as described in *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)).  "When the amount is not facially apparent from the complaint, the court may consider facts in the removal petition and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) (internal quotations omitted).

### III.     Discussion

In their complaint, Plaintiffs allege that "[f]or past and future general damages," they are each entitled to a "sum in excess of $10,000." (Notice of Removal (#1) Ex. A at 9.)  In addition, Plaintiffs seek unspecified damages for the following: (1) past and future medical and incidental expenses; (2) past and future loss of income; (3) punitive or exemplary damages; (4) costs of suit and reasonable attorney fees; (5) pre-judgment and post-judgment interest; and (6) "such other and further relief, at low or in equity, as this Court may deem equitable and just." (Notice of Removal (#1) Ex. A at 9.)

Although the Ninth Circuit allows for common-sense judgments as to whether the facts alleged in the complaint show the jurisdictional amount in controversy, *Singer*, 116 F.3d at 377, removal "cannot be based simply upon conclusory allegations."  After review of the complaint and Defendants' petition for removal, the court finds that the type of common-sense judgment applied in *Allen* is not appropriate in this case.  Instead, the court finds that it requires more evidence to determine whether it has subject matter jurisdiction over this case.  Jurisdiction will only exist if Defendants can present "summary-judgment-type evidence" to establish by a preponderance of the evidence that this case meets § 1332(a)'s amount in controversy requirement.  Consequently, Defendants have twenty days to present evidence to establish that the matter in controversy exceeds $75,000.  Plaintiffs are granted ten days to file an opposition.  No reply is required.

3

IT IS THEREFORE ORDERED that Defendants are granted 20 days to establish the minimum amount in controversy for federal jurisdiction. Plaintiffs are granted 10 days to file an opposition. No reply is required.

IT IS SO ORDERED.

DATED this 14th day of October, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE