UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC CROCKER and LISA ELWESS, as Guardian Ad Litem of JOHN DOE; ERIC CROCKER, individually, and LISA ELWESS, individually,<br><br>          Plaintiffs,<br><br>v.<br><br>SKY VIEW CHRISTIAN ACADEMY; SKY VIEW ACADEMY, LLC; ORVAL HAGERMAN; ABC CORPORATIONS I-X, inclusive; BLACK AND WHITE COMPANIES; and DOES I THROUGH XX,<br><br>          Defendants. | 3:08-CV-00479-LRH-VPC<br><br>ORDER |

Presently before the court is Defendants Sky View Christian Academy and Orval Hagerman's (collectively, "Defendants") "Response to Court's Order RE: Jurisdictional Amount in Controversy" (#13[1]). Plaintiffs Eric Crocker and Lisa Elwess, individually and as guardian ad litem of John Doe, (collectively, "Plaintiffs") have filed an opposition (#19), to which Defendants replied (#21).

///

///

---

[1] Refers to the court's docket number.

## I. Facts and Procedural History

This is a diversity action arising out of alleged abuse inflicted upon Plaintiffs' minor son while he was enrolled at Defendants' facility. While it is clear that all plaintiffs are diverse from all defendants, there has been an ongoing dispute over whether the minimum amount in controversy for federal diversity jurisdiction has been met.

In the complaint, Plaintiffs allege that "[f]or past and future general damages," they are each entitled to a "sum in excess of $10,000." (Notice of Removal (#1) Ex. A at 9.) In addition, Plaintiffs seek unspecified damages for the following: (1) past and future medical and incidental expenses; (2) past and future loss of income; (3) punitive or exemplary damages; (4) costs of suit and reasonable attorney fees; (5) pre-judgment and post-judgment interest; and (6) "such other and further relief, at low or in equity, as this Court may deem equitable and just." (Notice of Removal (#1), Ex. A at 9.)

On September 5, 2008, Defendants filed a notice of removal of their case from the Second Judicial District Court of the State of Nevada (#1). Plaintiffs challenged removal, arguing that Defendants had not demonstrated that the amount in controversy exceeded $75,000. On October 14, 2008, the court issued an order (#10) concluding that Defendants had failed to demonstrate that the amount-in-controversy requirement had been met. In the order, the court granted Defendants additional time to present summary-judgment-type evidence to establish the minimum amount in controversy for federal jurisdiction.

## II. Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a). Among other reasons, the district courts of the United States have "original jurisdiction" where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs,

2

1  exceeds $75,000.  28 U.S.C. § 1332(a).

2  "If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be
3  remanded."  28 U.S.C. § 1447(c).  "Federal jurisdiction must be rejected if there is any doubt as to
4  the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)
5  (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The removal
6  statutes are construed restrictively, and any doubts about removability are resolved in favor of
7  remanding the case to state court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09
8  (1941); *Gaus*, 980 F.2d at 566.

9  "[I]n cases where a plaintiff's state court complaint does not specify a particular amount of
10 damages, the removing defendant bears the burden of establishing, by a preponderance of the
11 evidence, that the amount in controversy exceeds $[75],000."  *Sanchez v. Monumental Life Ins.*
12 *Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  This preponderance-of the-evidence analysis encompasses
13 whether it is "'facially apparent' from the complaint that the jurisdictional amount is in
14 controversy."  *See Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997)
15 (delineating the "appropriate procedure for determining the amount in controversy on removal" as
16 described in *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)).  "When the amount is
17 not facially apparent from the complaint, the court may consider facts in the removal petition and
18 may require parties to submit summary-judgment-type evidence relevant to the amount in
19 controversy at the time of removal."  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006)
20 (citations and internal quotations omitted).

21 **III.    Discussion**

22 Defendants argue that they lack the information necessary to present summary-judgment-
23 type evidence to establish the minimum amount in controversy for federal jurisdiction.  In
24 particular, they argue, "Plaintiffs' failure to comply with [Federal Rule of Civil Procedure] 26(a)
25 improperly prevents Defendants from obtaining needed information regarding damages."  (Defs.'

26

3

Resp. to Order (#13) at 2.) Defendants ask the court to order Plaintiffs to provided the information required by Rule 26(a)(1).

On October 21, 2008, pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs submitted their initial disclosure to Defendants. The disclosure included a list of documents and a list of witnesses. However, the disclosure did not include a computation of each category of damages claimed by Plaintiffs as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii). By letter dated October 24, 2008, Defendants asked Plaintiffs to provide the information required by Rule 26(a)(1)(A)(iii). To date, Plaintiffs have not responded to the letter.

Federal Rule of Civil Procedure 26(a)(1) provides that, within fourteen days after the parties' Rule 26(f) discovery conference, parties must provide certain initial disclosures to the other party. Fed. R. Civ. P. 26(a)(1)(C). One such disclosure required by Rule 26(a)(1) is the disclosure of "a computation of each category of damages claimed by the disclosing party . . . ." Fed. R. Civ. P. 26(a)(1)(A)(iii). As a part of this disclosure, the disclosing party must make available for inspection or copying the documents or other evidence upon which each computation is based, including materials bearing on the nature and extent of the injuries suffered. Fed. R. Civ. P. 26(a)(1)(A)(iii).

Plaintiffs maintain that they are not required to make the disclosures called for by Rule 26(a)(1)(A)(iii). They first argue, "No initial disclosure of a damages 'computation' is possible or required where such damages consisted almost entirely of compensation for emotional anguish." (Pls.'s Opp'n (#19) at 3.) As Plaintiffs note, "the elements of pain and suffering are wholly subjective . . . [and] because of their very nature, a determination of their monetary compensation falls peculiarly within the province of the jury." *Stackiewicsz v. Nissan Motor Corp.*, 686 P.2d 925, 932 (Nev. 1984) (*quoting Brownfield v. Woolworth Co.*, 248 P.2d 1078, 1079-81 (Nev. 1952)). Indeed, because emotional suffering is personal and difficult to quantify, damages for emotional anguish likely will be established predominantly through the plaintiffs' testimony concerning the

emotional suffering they experienced, not through they type of documentary evidence or expert opinion relied upon to make a Rule 26(a)(1)(A)(iii) disclosure of a computation of damages.  *See Williams v. Trader Publ'g Co.*, 218 F.3d 481. 486 n.3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by [Rule 26(a)(1)(A)(iii)]."); *Creswell v. HCAL Corp.*, No. 04-CV-388, 2007 U.S. Dist. LEXIS 9724, *5 (S.D. Cal. Feb. 12, 2007) ("[E]motional damages, because of their vague and unspecific nature, are oftentimes not readily amenable to computation [under Rule 26]."). Accordingly, the court finds that Plaintiffs did not err in failing to provide a computation of their alleged emotional damages.

Similarly, Plaintiffs argue that a computation of damages pursuant to Rule 26(a)(1) is not possibly or required where, as here, the plaintiff seeks punitive damages. Indeed, punitive damages can be based upon a variety of factors that are difficult to quantify, including the reprehensibility of the defendant's conduct. Under Nevada law, if the district court determines that the conduct at issue is subject to punitive damages, "the allowance or denial of exemplary punitive damages rests entirely in the discretion of the trier of fact." *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1052 (Nev. 2000) (citations omitted). Because a computation of punitive damages is not feasible at the time initial disclosures are required, the court finds that Plaintiffs did not err in failing to provide a computation of their alleged punitive damages.[2]

The court's inquiry does not end merely because it has concluded that Plaintiffs are not required to provide a computation of emotional and punitive damages. In the complaint, Plaintiffs seek numerous other types of damages that are easily amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1). For instance, Plaintiffs seek compensation for past and future

---

[2] The court notes that factual evidence of emotional and punitive damages disclosed pursuant to Rule 26(a)(1) is not the only way by which Defendants can demonstrate that the amount in controversy exceeds $75,000. For example, Defendants might provide evidence of emotional distress and punitive damage awards in similar cases in Nevada.

medical and incidental expenses and for past and future loss of income. These are damages that can be established with documentary evidence and expert opinion. For example, such evidence could include medical records, incidental expenses incurred to date, evidence of Plaintiffs' previous earnings, and evidence concerning Plaintiffs' future earning capacity based on life expectancy. Because these are the types of damages easily amenable to the kind of computations called for by Rule 26(a), the court will order Plaintiff to comply with the requirements of Rule 26(a)(1)(A)(iii).

Finally, Plaintiffs note that "federal removal jurisdiction on the basis of diversity . . . is determined (and must exist) as of the time the complaint was filed and removal was effected." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129,1131 (9th Cir. 2002) (citations omitted). Based upon this requirement, Plaintiffs argue that after filing for removal Defendants should not be permitted to rely upon Rule 26(a) to provide the evidentiary support needed to demonstrate the necessary amount in controversy. However, Plaintiffs misapprehend the above-quoted language. As noted, the district court must determine whether diversity jurisdiction exists at the time the complaint was filed and removal was effected. Thus, at the time of removal, there must be complete diversity between the parties and the amount in controversy must exceed $75,000. By seeking a Rule 26(a) computation of damages, Defendants are not trying to circumvent this requirement. Instead, Defendants merely seek to determine the extent of Plaintiffs' damages at the time the complaint was filed and removal was effectuated.

The court needs more facts to determine whether the amount in controversy exceeds $75,000, and Defendants are entitled to additional information concerning the plaintiffs' claimed damages before the court resolves this jurisdictional issue. A court can grant discovery regarding jurisdiction where the parties dispute pertinent facts bearing on the question of jurisdiction or more facts are needed. *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (*quoting Butcher's Union Local No. 498 v. SDC Inv, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). Accordingly, the court will order Plaintiffs to file and serve Defendants with the initial disclosures

1  concerning damages computations required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii),
2  including any evidentiary materials that the rule requires.  Although Plaintiffs do not need to
3  provide computations for emotional and punitive damages, they must provide computations for the
4  other types of damages they seek, including past and future medical and incidental expenses and
5  past and future loss of income.

6      IT IS THEREFORE ORDERED that Plaintiffs shall have thirty (30) days from the issuance
7  of this order to provide Defendants with the initial disclosures required by Federal Rule of Civil
8  Procedure 26(a)(1)(A)(iii), including any evidentiary materials that the rule requires.

9      Defendants are granted ten (10) days from the receipt of this information to file
10 supplemental briefing and evidentiary materials demonstrating that the amount in controversy
11 exceeds $75,000.  Plaintiffs are granted ten (10) days to file an opposition.  No reply is required.

12     IT IS SO ORDERED.
13     DATED this 8th day of January, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE